**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CAZ L. CRAFFY,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 26-05687 (GC)<br><br>**MEMORANDUM & ORDER** |

*Pro se* Petitioner is a federal prisoner and seeks to file a motion to vacate, set aside or correct his sentence pursuant 28 U.S.C. § 2255 (Section 2255). (ECF No. 1 (Motion).)

Local Civil Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. § 2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk of this Court for Section 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014). More specifically, Petitioner's submission did not include the necessary certification of the notice required pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) that is on the form supplied by the Clerk of Court.

**IT IS**, therefore, on this 30th day of October, 2026 **ORDERED** as follows:

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the Motion; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals);

*Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep 't.,* 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that the Clerk of the Court shall forward to Petitioner a blank Section 2255 form—AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014) —by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court's service of the blank Section 2255 form shall not be construed as this Court's finding that the Section 2255 motion is or is not timely, or that Petitioner's claims are or are not procedurally defaulted; and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Order; Petitioner's writing shall include a complete, signed motion on the appropriate form supplied by the Clerk which includes the *Miller* notice and certification; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed Section 2255 motion supplied by the Clerk, the Clerk will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

Georgette Castner

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE